}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| *Plaintiff*, | § § § | |
| V. | § § | CIVIL ACTION NO. 4:13-cv-2682 |
| GATEWAY SAFETY, INC. D/B/A GATEWAY SAFETY PRODUCTS; UBLESTER RODRIGUEZ; AND MARISELA RODRIGUEZ | § § § § § § § | JURY |
| *Defendant*. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Insurance Company of North America ("ICNA") files this complaint for declaratory judgment against defendant, Gateway Safety, Inc. d/b/a Gateway Safety Products ("Gateway"), Ublester Rodriguez and Marisela Rodriguez, and respectfully shows the Court the following:

## PARTIES

Plaintiff ICNA is a Pennsylvania corporation that has its principal place of business in Pennsylvania.

Defendant Gateway is an Ohio corporation that has its principal place of business in Cleveland, Ohio. It may be served with process through the Texas Secretary of State, who may forward the process to Gateway at 11111 Memphis Ave., Cleveland, Ohio 44144-2055.

Defendant Ublester Rodriguez is an individual residing in Fort Bend County, Texas and is a citizen of Texas. Ublester Rodriguez may be served with process at 18223 Bonham Oaks Ct., Richmond, Texas 77407.

Defendant Marisela Rodriguez is an individual residing in Fort Bend County, Texas and is a citizen of Texas. Marisela Rodriguez may be served with process at 18223 Bonham Oaks Ct., Richmond, Texas 77407.

## JURISDICTION AND VENUE

The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiffs and defendants are citizens of different states, as indicated above, and the amount in controversy exceeds $75,000, excluding interest and costs.

Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred within the meaning of 28 U.S.C. § 1391(b)(2).

## FACTS

*Introduction*

This is a declaratory judgment action to establish that ICNA does not owe a duty to defend or indemnify Gateway in an underlying lawsuit.

*The Underlying Lawsuit*

The underlying lawsuit just referenced is MDL Cause No. 2011-55206; *In Re: Silica Products Liability Litigation-Ublester and Marisela Rodriguez v. Breton USA Customers Service Corp., et al*; In the 333rd Judicial District Court of Harris County, Texas ("Underlying Lawsuit").

The plaintiffs in the Underlying Lawsuit, Ublester and Marisela Rodriguez, sued multiple defendants, including Gateway, and alleged that Ubester Rodriguez was employed at Stone Systems of Houston f/k/a Silestone Company from 2000 to 2011. He worked, according to the

2

fourth amended petition, as an industrial polisher, grinder, laminator, fabricator, programmer and machine operator. He used various machines and safety equipment manufactured or sold by the underlying defendants.

In the course of his employment, Mr. Rodriguez was allegedly exposed to substantial and constant quantities of silica dust, which he inhaled, and this exposure caused him to develop silicosis, which was diagnosed on October 13, 2010. Silicosis is a chronic, fibrotic pulmonary disease caused by the inhalation, deposition and retention of dust containing crystalline silica.

There are no specific allegations in the Underlying Lawsuit against Gateway. Rather, the underlying plaintiffs broadly allege, among other things, that despite the use of protective respiratory equipment, Mr. Rodriguez was grossly under-protected when engaged in cutting and grinding high silica-containing stone. The inadequacy of the protective equipment, according to the underlying plaintiffs, was known or should have been known by the underlying defendants.

The underling plaintiffs assert two causes of action, negligence and strict liability, and seek compensatory and exemplary damages.

*The Policies*

ICNA issued the following Products Liability Policies to San Huei United Co., Ltd. ("San Huei") as first named insured, each with limits of US $2 million per occurrence, and a general aggregate of US $2 million, subject to a US $1,000 per occurrence deductible that is eroded by costs and expenses:

- No. JCL0501681/2001-133, for the period is June 1, 2001 to June 1, 2002; and
- No. JCL0501681/2002-172, for the period of June 1, 2002 to June 1, 2003.

ICNA also issued the following Products Liability Policies to San Huei as first named insured, each with limits of US $3 million per occurrence, and a general aggregate of US $3 million, subject to a US $1,000 per occurrence deductible that is eroded by costs and expenses:

- No. JCL0501681/2003-191, for the period of June 1, 2003 to June 1, 2004;
- No. JCL0501681/2004-231, for the period of June 1, 2004 to June 1, 2005;
- No. JCL0501681/2005-229, for the period of June 1, 2005 to June 1, 2006;
- No. JCL0501681/2006-208, for the period of June 1, 2006 to June 1, 2007;
- No. JCL0501681/2007-267, for the period of June 1, 2007 to June 1, 2008;
- No. JCL0501681/2008-236, for the period of June 1, 2008 to June 1, 2009;
- No. JCL0501681/2009-257, for the period of June 1, 2009 to June 1, 2010; and
- No. JCL0501681/2010-230, for the period of June 1, 2010 to June 1, 2011.

While there are also two later policies, Policy Nos. JCL0501681/2012-247 and JCL0501681/2011-225, these policies are subsequent to the October 13, 2010 diagnosis date and need not be considered.

*Gateway Lacks Additional Insured Status*

Gateway is seeking defense and indemnity under policies issued to San Huei based on the Additional Insured (Vendors Broad Form) Endorsement in each policy. The endorsement provides in relevant part:

> ADDITIONAL INSURED
> (VENDORS-BROAD FORM)
>
> It is agreed that the "Persons Insured" provision is amended to include any person or organization designated below (herein referred to as "vendor"), as an Insured, but only with respect to "bodily injury" or "property damage" arising out of the Named Insured's products designated below which are directly distributed or sold by the vendor. It is also understood that the vendor has directly contracted with the Named Insured in the regular course of the vendor's business, subject to the following additional provisions:

4

1. The insurance with respect to the vendor does not apply to:

   (a) any express warranty unauthorized by the named insured;

   (b) bodily injury or property damage arising out of

   (i) any physical or chemical change in the form of the product made intentionally by the vendor;

   (ii) repacking, unless unpacked solely for the purpose of inspection, demonstration, testing or the substitution of parts under instruction, from the manufacturer and then repacked in the original container;

   (iii) demonstration, installation, servicing or repair operations except such operations performed at the vendor's premises in connection with the sale of the product;

   (iv) any failure to make such inspection, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

   (v) products which after distribution or sale by the Named Insured have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

2. The insurance does not apply to any person or organization, as Insured, from whom the Named Insured has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

### SCHEDULE

Vendor(s): All the Vendors who have directly contracted with Named Insured in the regular course of the vendor's business.

Products: As per the declarations of the policy [respirators].

There are no allegations in the underlying petition that Mr. Rodriguez's bodily injury arose out of San Huei's products, or that Gateway directly contracted with San Huei in the regular course of Gateway's business. Thus, ICNA has no duty to defend Gateway.

5

*Pollution Exclusion*

Each policy contains the following amended pollution exclusion:

> [This insurance does not apply:]
>
> To personal injury, bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants[1] into or upon land, the atmosphere or any watercourse or body of water.
>
> This insurance also does not apply to any cost or expense arising out of any governmental demand or request that an insured test for, assess, monitor, clean-up, remove, contain, treat, detoxify, or neutralize any such irritants, contaminants or pollutants.
>
> This company shall not have the duty to defend any claim or suit seeking to impose such costs, expenses, liability for such damages, or any other relief.

The underlying lawsuit is for based on "bodily injury … arising out of the discharge, dispersal, release or escape of … soot, … waste materials or other irritants, contaminants or pollutants into … the atmosphere," and coverage for the suit is therefore precluded by the above-quoted pollution exclusion.

*Efficacy Clause*

Each policy contains an Efficacy Clause endorsement. There are three versions of the clause.

The clause in the 2001-2002 through 2003-2004 policies provides in relevant part:

> This Policy does not apply to liability for Bodily Injury and/or Property Damage resulting from the failure of any of the Insured's products to correctly fulfill its intended use or function and or meet the level of performance, quality, fitness or durabilities warranted by the Insured.

The 2004-2005 through 2006-2007 policies provide in relevant part:

---

[1] "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

6

> It is understood and agreed that this insurance does not apply, nor do the company have a duty to defend, any claim or suit for bodily injury and/or property damage, resulting from the failure of the Insured's product or the Insured's work completed by or for the Insured to cure, alleviate, prevent, eliminate or retard bodily injury, property damage, or to any such warranties, representations or agreements to that effect that are made by the Insured.

The 2007-2008 through 2010-2011 policies provide in relevant part:

> The Policy does not cover any legal liability arising out of or in any way connected with the failure of any Product to fulfill a particular purpose or intended function or meet a particular level of performance, where the Insured has expressly or impliedly warranted or represented that the Product will fulfill such purpose or function (including purposes such as curing, alleviating, preventing, monitoring, detecting, eliminating or retarding Bodily Injury or Property Damage) or meet such level of performance.

The underlying plaintiffs allege that respirators failed to protect Mr. Rodriguez by not fulfilling their purpose or intended function, thereby exposing him to irritants and contaminants in the surrounding air, which caused harm. The efficacy clause therefore applies to preclude coverage.

## CAUSE OF ACTION: DECLARATORY JUDGMENT

Because Gateway is not an additional insured, and because, even if Gateway qualified as an additional insured, the pollution exclusion and efficacy clause would preclude coverage, INCA requests the Court to enter a declaratory judgment establishing that ICNA has no duty to defend Gateway.

For the same reasons INCA has no duty to defend, ICNA likewise has no duty to indemnify, as even if all of the underlying plaintiffs' allegations are deemed to be true, none of them would bestow additional insured status on Gateway or make the pollution exclusion or efficacy clause inapplicable. Accordingly, ICNA also requests the Court to enter a declaratory judgment establishing that ICNA has no duty to indemnify Gateway or to pay any judgment or settlement on Gateway's behalf to Ublester Rodriguez and Marisela Rodriguez.

## JURY DEMAND

ICNA demands a trial by jury on all issues of fact, if any.

## PRAYER

For these reasons, ICNA asks for entry of the declaratory judgment described above, and for all other and further relief to which ICNA may show itself to be entitled.

Respectfully submitted,

*/s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Texas State Bar No. 00797732
E-mail: jziemianski@cozen.com
Bryan P. Vezey
Texas State Bar No. 00788583
E-mail: bvezey@cozen.com
COZEN O'CONNOR
One Houston Center
1221 McKinney St., Suite 2900
Houston, Texas  77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

ATTORNEYS FOR PLAINTIFF